Manuel Veguilla Vázquez, peticionario, v. Sixto M. Saldaña, Jefe del Presidio Insular, demandado.

Núm. 150.—*Sometido:* Junio 10, 1941. *Resuelto:* Junio 12, 1941.

*Manuel Veguilla Vázquez*, por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados del demandado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En junio 29, 1933, Manuel Veguilla, el peticionario, fué acusado ante la Corte de Distrito de Guayama por un delito de asesinato genérico cometido, según se alegaba en la acusación, el 21 de mayo de 1933. La causa fué registrada bajo el número 8763. En el acto de la lectura de la acusación el fiscal rebajó la calificación a asesinato en segundo grado. El acusado hizo en el mismo acto alegación de culpabilidad y fué convicto de asesinato en segundo grado y condenado a la pena de quince años de presidio con trabajos forzados.

En 23 de agosto de 1939, el Juez Asociado de esta Corte Suprema, Sr. De Jesús, actuando en funciones de turno, declaró con lugar una petición de hábeas corpus radicada bajo el núm. 111 por el confinado Veguilla y decretó su excarcelación, basando su decisión en que la corte sentenciadora había actuado sin jurisdicción y en contravención de la doc-

trina sentada por esta Corte Suprema en *Ex parte Hernández Laureano,* 54 D.P.R. 416.

El peticionario ha radicado ante esta corte una nueva solicitud de hábeas corpus en la que alega que se encuentra detenido en la Penitenciaría Insular en virtud de una sentencia dictada por la Corte de Distrito de Guayama el día 12 de noviembre de 1940, declarándole convicto de homicidio voluntario y condenándole a la pena de ocho años de presidio; que la sentencia es nula por haber sido dictada después de haber transcurrido más de tres años desde la fecha de la comisión del delito; que la acusación que se le leyó en junio 29 de 1933 es la misma que le fué leída en junio 29 de 1940; y, por último, que la corte sentenciadora carecía de jurisdicción para condenarle por un delito que ya había prescrito.

En el acto de la vista y como parte de su diligenciado, el Jefe de la Penitenciaría presentó copia de la sentencia por virtud de la cual él retiene al peticionario bajo su custodia. De ella aparece que en noviembre 12 de 1940 se llamó a juicio la causa número 11,915 seguida por El Pueblo de Puerto Rico contra Manuel Veguilla Vázquez (a) Alambique; que el acusado compareció personalmente y asistido de su abogado; que después de haberle sido leída la acusación, el acusado alegó ser culpable; que la corte le declaró convicto de homicidio voluntario y le impuso ocho años de reclusión en la Penitenciaría Insular "con abono de la preventiva sufrida hasta el momento en que fué excarcelado a virtud de un auto de hábeas corpus."

De los autos que hemos examinado no aparece claramente que la acusación a virtud de la cual se dictó la sentencia que ahora cumple el peticionario sea la misma radicada en el caso núm. 8763 y que sirvió de base a la sentencia anulada por auto expedido por el Juez de Turno de este tribunal. El peticionario alega que se trata en ambos casos de la misma acusación. El hecho delictivo que se le imputó en ambas causas, núms. 8763 y 11,915, es el mismo, a saber:

"que allá para el 21 de mayo de 1933, en la Municipalidad de Aibonito, P. R., que forma parte del distrito judicial de Guayama, Puerto Rico, allí y entonces, dicho acusado, de manera ilegal y voluntaria, con malicia premeditada y propósito firme y deliberado de matar, y demostrando tener un corazón pervertido y maligno, dió muerte ilegal al ser humano nombrado Alejandrino Ruiz, haciéndole un disparo de revólver, etc."

Se trata, pues, de una acusación por un delito de asesinato. Los artículos 77 y 78 del Código Penal, disponen:

"Artículo 77.—*Cuando no Hay Limitación.*—Podrá ejercitarse la acción penal en cualquier tiempo, sin limitación, por los delitos de *asesinato* o malversación de caudales del erario y falsificación de documentos públicos.

"Artículo 78.—*Tres Años en Caso de Delito Grave (Felony).*— La acción penal por cualquier delito grave (*felony*) *fuera asesinato,* (*sic*) o falsificación de documentos públicos, deberá entablarse dentro de los tres años de su comisión."

Anulada la primera convicción del acusado por asesinato en segundo grado y anulada también por falta de jurisdicción la sentencia de 15 años que le fué impuesta en junio 29 de 1933, quedó el fiscal en libertad para seguir el proceso contra el acusado bajo la acusación originalmente formulada o bajo una nueva acusación, sin limitación alguna en cuanto al tiempo dentro del cual debía ejercitarse la acción penal, según lo previsto en los citados artículos 77 y 78 del Código Penal.

■ Además, de acuerdo con la jurisprudencia de esta jurisdicción, reafirmada en *Manuel González* (a) *Rasquiña* v. *Saldaña,* ante pág. 859, la defensa de prescripción no puede ser levantada mediante hábeas corpus. Debe ser presentada mediante excepción perentoria a la acusación o como defensa en el acto del juicio.

Por las razones expuestas, *debe anularse el auto expedido y declararse sin lugar la petición.*